IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS D. MITCHELL,
      Petitioner,

vs.                                  Case No.:  3:12cv137/RV/EMT

MICHAEL D. CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 5).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 18).  Petitioner filed a response in opposition to the motion (doc. 25).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 18).[1] Petitioner was originally charged in the Circuit Court in and for Escambia County, Florida, Case No.

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 18), unless otherwise indicated.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

2004-CF-5029, with two counts of lewd and lascivious molestation (Counts 1 and 2) and one count of lewd or lascivious conduct (Count 3) (Ex. A at 1–2). Pursuant to a negotiated plea agreement, Petitioner agreed to plead guilty to two counts of aggravated child abuse (Counts 1 and 2) and one count of exposure of sexual organs (Count 3) (Ex. B). Petitioner agreed there were sufficient facts available to the State to justify his plea of guilty to the charges (*id.* at 12). The parties agreed that adjudication of guilt would be at the discretion of the court, and Petitioner would be sentenced to two (2) years of community control supervision followed by eight (8) years of probation on Counts 1 and 2, and a concurrent term of one (1) year of probation on Count 3 (*id.* at 11–14). On June 27, 2005, the prosecutor orally amended the information to reflect the charges to which Petitioner agreed to plead guilty (Ex. C). The trial court accepted Petitioner's plea, withheld adjudication of guilt, and sentenced him in accordance with the plea agreement (Exs. C, D). The prosecutor filed an amended information later that day (Ex. A at 7). On September 21, 2005, the court modified Petitioner's community control to convert it to probation, with no objection from Petitioner, upon notification from the Florida Department of Corrections (the agency charged with administering the community control statute) that Petitioner was ineligible for placement on community control (Exs. E, F). An order of modification of community control was rendered October 10, 2005 (Ex. G).

On September 6, 2006, an affidavit of violation of probation was filed, alleging Petitioner violated the curfew term of his probation (Ex. H). At proceedings held Defendant 13, 2006, Petitioner admitted the alleged violation (Ex. I). The trial court revoked Petitioner's probation and sentenced him to concurrent terms of twenty (20) years of incarceration on Counts 1 and 2, and time served on Count 3 (Exs. H, I). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-284 (Ex. J). Prior to filing an initial brief, Petitioner filed a motion to correct sentencing error under Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure, on the ground that the judgment incorrectly identified the offenses of conviction as lewd and lascivious molestation, instead of aggravated child abuse (Ex. M). The court granted the motion and directed the clerk of court to correct the judgment and sentence (Ex. N). The amended judgment was rendered April 20, 2007 (Ex. O). On appeal, Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. P). Petitioner filed a pro

se initial brief (Ex. R).  The First DCA affirmed the judgment per curiam without written opinion on November 21, 2007 (Ex. S).  <u>Mitchell v. State</u>, 974 So. 2d 1072 (Fla. 1st DCA 2007) (Table). The First DCA denied Petitioner's motion for rehearing on February 22, 2008, and the mandate issued March 11, 2008 (Exs. S, T).

On July 15, 2008, Petitioner filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. U).  He filed a motion to correct illegal sentence under Rule 3.800(a) on September 10, 2008 (Ex. W).  The state circuit court denied the Rule 3.800(a) motion in an order rendered September 26, 2008 (Ex. X).  The same day, the court rendered an order striking Petitioner's Rule 3.850 motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within sixty (60) days (Ex. V).  Petitioner filed an amended Rule 3.850 motion on October 31, 2008 (Ex. Y).  The state circuit court summarily denied the amended Rule 3.850 motion in an order rendered August 17, 2009 (Ex. Z).  Petitioner appealed the decision to the First DCA, Case No. 1D09-4690 (Exs. AA, BB).  The First DCA affirmed the decision per curiam without written opinion on April 23, 2010, with the mandate issuing May 19, 2010 (Ex. EE). <u>Mitchell v. State</u>, 34 So. 3d 6 (Fla. 1st DCA 2010) (Table).

On February 4, 2011, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D11-794, seeking a belated appeal of the trial court's order modifying his community control to probation (*see* Ex. EE1).  The First DCA denied the petition on March 4, 2011, and denied Petitioner's motion for rehearing on April 15, 2011 (*id.*).  <u>Mitchell v. State</u>, 58 So. 3d 313 (Fla. 1st DCA 2011) (Mem).  Petitioner sought review by the Supreme Court of Florida, Case No. SC11-1048 (Ex. EE2).  The supreme court dismissed the petition for review for lack of jurisdiction on May 27, 2011 (*id.*).  <u>Mitchell v. State</u>, 64 So. 3d 118 (Fla. 2011) (Table).

On March 28, 2011, Petitioner filed a petition for writ of habeas corpus in the state circuit court, alleging the State's amending the information at the plea hearing on June 27, 2005, violated his due process rights (Ex. FF).  In an order rendered July 21, 2011, the state circuit court dismissed the petition, on the ground that his claim was not properly brought in habeas corpus, and was untimely and successive under Rule 3.850 (Ex. GG).

Petitioner filed the instant § 2254 petition on March 22, 2012 (doc. 1).  He asserts the following grounds for relief:

Ground One: "Petitioner is arguing that a manifest injustice occurred during his trial. This instance did occur in the precsence [sic] of the court. It will be established that the trial judge did allow the same, under the guise of an amended information which did in truth allow the Petitioner to be convicted and sentenced for a crime without factual basis— a crime he did not commit nor was charged with."

Ground Two: "The court did err in modifying an established plea agreement and in doing so did commit clear error in violation of state law. Whether the modification of Petitioner's established probation/community control was done without factual basis and beyond the court's jurisdiction and in violation of established laws, which is clear error."

Ground Three: "Whether the trial court erred for failure to determine Petitioner's competency to understand the nature of the proceedings. Whether the ignoring of Petitioner's agitation and high level of stress, and his difficulty understanding the proceedings, deprived Petitioner of due process resulting in a miscarriage of justice."

(doc. 5 at 4–5, 7–18).[2]

## II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case No.:  3:12cv137/RV/EMT

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 18 at 5). Petitioner does not allege, nor do any of the claims asserted in his federal petition suggest, that any of the statutory triggers set forth in § 2244(d)(1)(B), (C) or (D) apply. Therefore, the undersigned concludes the appropriate trigger for the federal limitations period is the date Petitioner's conviction became final, pursuant to § 2244(d)(1)(A).

Petitioner's conviction became final on May 23, 2008, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court.[3] The statute of limitations began to run on May 24, 2008, the day after the 90-day period expired. *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir.2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until May 24, 2009, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90–day period expired on May 23, 2008.

Case No.: 3:12cv137/RV/EMT

28 U.S.C. § 2244(d)(2).  The federal limitations period ran for **fifty-three (53) days** until Petitioner filed a Rule 3.850 motion on July 15, 2008.  The Rule 3.850 motion and the subsequently filed Rule 3.800(a) motion tolled the limitations period until October 27, 2008, upon expiration of the 30-day period for Petitioner to appeal the order denying his Rule 3.800(a) motion.

The federal limitations period then ran for **three (3) days** until October 31, 2008, the date Petitioner filed his amended Rule 3.850 motion.  That motion tolled the limitations period until May 19, 2010, the date of the First DCA's mandate affirming the lower court's decision denying the motion.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court)

The federal limitation period ran for **two hundred sixty (260) days** until February 4, 2011, when Petitioner filed a petition for belated appeal in the First DCA.[4]  The petition remained pending until April 15, 2011, the date the First DCA denied Petitioner's motion for rehearing.  Petitioner's state petition was not "pending," for purposes of § 2244(d)(2), during the time he sought review of the First DCA's decision in the Florida Supreme Court.  The Florida Supreme Court dismissed Petitioner's petition for review, on the ground that the court was without jurisdiction to consider it "under any or all of the jurisdictional bases described in [the Florida Constitution]" (Ex. EE2).  The United States Supreme Court defined the meaning of "pending" as:

> [A]n application is pending as long as the ordinary state collateral review process is "in continuance"—i.e., "until the completion of" that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

Carey v. Saffold, 536 U.S. 214, 219–20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).  In Florida, appellate or discretionary review by the Florida Supreme Court of a district court's denial of a petition seeking belated appeal is not part of the ordinary state collateral review process.  *See* Fla. R. App. P. 9.030(1), (2) (setting forth appeal and discretionary jurisdiction of Florida Supreme

---

[4] Respondent argues the petition seeking belated appeal was not a tolling application, because the First DCA denied it as untimely under Rule 9.141(c)(4)(A) of the Florida Rules of Appellate Procedure (doc. 18 at 7).  Respondent is correct that the First DCA cited that rule as the basis for its decision (Ex. EE1).  However, Rule 9.141(c)(4) governs the content of petitions seeking belated appeal, not the time limits for filing them.  Fla. R. App. P. 9.141(c)(4).  The time limits for filing such petitions are set forth in rule 9.141(c)(5).  Therefore, there was no finding of untimeliness by the First DCA.

Court, and not including review of district court's denial of petition seeking belated appeal). However, even if Petitioner's petition for belated appeal was pending until May 27, 2011, the date the Florida Supreme Court dismissed his petition for review, his federal habeas petition would still be untimely.

Assuming arguendo that Petitioner's petition for belated appeal was pending until May 27, 2011, he had forty-nine (49) days remaining on the 365-day federal habeas time clock (365 – 53 – 3 – 260 = 49 days). Petitioner's postconviction application filed on March 28, 2011, did not toll the limitations period, because it was dismissed as untimely and, therefore, not "properly filed." *See* Pace v. DeGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *see also, e.g.,* Rich v. Sec'y for Dep't of Corr., No. 12-10441, 2013 WL 1010304, at *2 (11th Cir. Mar. 15, 2013) (unpublished) (district court did not err in determining that Rich's 2008 petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), where state court first concluded that although Rich styled his motion as an "Emergency Petition for Writ of Habeas Corpus," it was a collateral challenge to a judgment of conviction which must be raised in a Florida Rule of Criminal Procedure 3.850 motion; the state court then determined that even if his petition were construed as a Rule 3.850 motion, it was successive and untimely) (citing Pace).[5] Moreover, the state circuit court denied the application on July 20, 2011, and even if it was deemed pending until August 20, 2011 (upon expiration of the 30-day period for appealing it) Petitioner did not file his federal petition until March 22, 2012, which was well beyond the 49 days remaining on the federal clock. Petitioner's federal habeas petition was thus untimely.

Petitioner argues he is entitled to equitable tolling of the limitations period, because he was never appointed counsel to assist him in any of the postconviction proceedings, and he would have properly and timely raised all of his claims in his first Rule 3.850 motion had he been assisted by counsel (doc. 25 at 2–4). He cites Martinez v. Ryan, 566 U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) in support of his argument for equitable tolling.

---

[5] The undersigned cites Rich only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in Holland, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition. *See* San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing Lawrence, 421 F.3d at 1226–27). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin, 633 F.3d at 1268 (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id.* (citations omitted).

In Martinez v. Ryan, the Supreme Court addressed whether ineffective assistance of counsel in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding. The Martinez Court recognized a narrow exception to its prior holding in Coleman v. Thompson, 501 U.S. 722 (1991), that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default, and decided that ineffective assistance of counsel during the initial collateral review stage may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. 132 S. Ct. at 1315. The Court held "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a

procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

In the instant case, Petitioner does not allege, nor does the state court docket indicate, that he requested appointment of counsel in his initial Rule 3.850 proceeding. Furthermore, the Supreme Court's creation of a narrow exception to <u>Coleman</u>'s holding does not constitute an "extraordinary circumstance" to warrant equitable tolling of the limitations period of § 2244(d).  *Cf.* <u>Adams v. Thaler</u>, 679 F.3d 312, 320 (7th Cir. 2012) (affirming district court's denial of federal habeas petitioner's Rule 60(b) motion for relief from judgment, which denied some of petitioner's claims as procedurally barred, because <u>Martinez</u> was simply a change in decisional law and was not the kind of extraordinary circumstance that warranted relief under Rule 60(b)(6)); <u>Arthur v. Thomas</u>, No. 2:01-CV-0983-LSC, 2012 WL 2357919 (N.D. Ala. June 20, 2012) (same).  Therefore, Petitioner failed to establish he is entitled to equitable tolling of the limitations period.

Petitioner additionally asserts he is entitled to review of his claims through the "actual innocence" gateway (doc. 25 at 4, 8–9).  An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See* <u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995)).  To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  <u>Schlup</u>, 513 U.S. at 324.

In the instant case, Petitioner has not supported his allegations with any new reliable evidence showing that he did not commit the acts that constituted the aggravated child abuse of which he was convicted (that is, willfully torturing, maliciously punishing, or willfully and unlawfully caging a child).  He asserts he is innocent because he was not mentally competent to understand the plea proceedings due to his "mental heath issues and mild retardation," of which his counsel and the prosecutor were allegedly aware (doc. 25 at 4, 8–9).  However, these allegations

concern only legal innocence, not factual innocence, and thus are insufficient. *See* <u>Rozzelle</u>, 672 F.3d at 1012 ("Our decisions . . . show that if such an [actual innocence] exception [to AEDPA's one-year filing window] exists, it exists only for actually innocent petitioners."). Furthermore, Petitioner cannot characterize the circumstances of his plea as "newly discovered," because he has not alleged or shown he was not aware of his alleged mental condition at the time he entered his plea. Moreover, Petitioner's dialogue with the trial court during the plea hearing and the violation of probation hearing does not suggest that Petitioner did not have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," or that he did not have "a rational as well as factual understanding of the proceedings against him." <u>Dusky v. United States</u>, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960) (*see* Exs. B, C). In fact, the transcripts do not indicate that Petitioner had any difficulty understanding the proceedings. Therefore, the undersigned concludes Petitioner has failed to show he is entitled to review of his habeas claims through the "actual innocence" gateway.

III.    CONCLUSION

Petitioner filed his § 2254 petition after the one-year federal limitations period expired. Further, Petitioner failed to demonstrate that statutory tolling renders his petition timely, or that equitable tolling applies. Moreover, he failed to show he is entitled to federal review of his claims through the fundamental miscarriage of justice gateway. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 18) be **GRANTED**.

2.      That the amended petition for writ of habeas corpus (doc. 5) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1<u>st</u> day of April 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**